UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VERONICA THERESA RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 2:23-cv-01885-EJY<br><br>**ORDER** |

Plaintiff Veronic Theresa Ramirez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding she was not disabled for purposes of Social Security Disability Insurance and Supplemental Security Income benefits. ECF No. 14 at 1. The Commissioner filed a responsive brief (ECF No. 19) and Plaintiff filed a Reply (ECF No. 20).

**I.    PROCEDURAL BACKGROUND**

There is no dispute that Plaintiff filed a Title II application for Social Security Disability Insurance and Supplement Security Income benefits on November 30, 2019, alleging disability as of March 29, 2019. Administrative Record ("AR") at 29, 336-52. These applications were denied initially on October 20, 2020, and upon reconsideration on July 8, 2021. AR 29. Plaintiff filed a written request for a hearing, which was held telephonically by the Administrative Law Judge ("ALJ") on June 22, 2022. *Id*. On September 1, 2022, the ALJ issued her decision finding Plaintiff not disabled from her alleged onset date through the date of the decision. AR 29-47. On September 13, 2023, the Appeals Council denied review rendering the ALJ's decision the final decision of the Social Security Administration. AR 1-3. Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). ECF No. 19 at 3.

**II.    ESTABLISHING DISABILITY UNDER THE ACT**

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner

must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id.*

### III. THE SUMMARY OF ALJ'S DECISION

The ALJ applied the five step sequential evaluation process explained above and found Plaintiff had not worked in substantial gainful activity since March 29, 2019, the alleged onset date of disability (step one). AR 31. The ALJ concluded Plaintiff had severe impairments of degenerative disc disease of the lumbar and cervical spine, migraines, and mild cognitive impairment/history of transient ischemic accident (step two). *Id.* The ALJ also concluded Plaintiff's impairments did not meet or equal any of the per se disabling impairments listed in the Commissioner's regulations (step three). AR 32-34. In preparation for step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except as follows:

> Exertional limitations: lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours; standing for 6 hours; walking for 6 hours; push/pull as much as can lift/carry; she can operate foot controls with right foot frequently; she can operate foot controls with left foot frequently; she can operate hand controls with right hand frequently; she can operate hand controls with left hand frequently; occasionally reaching overhead to the left.
>
> Manipulative limitations: occasionally reaching overhead to the right; for all other reaching she can reach frequently to the left, and frequently to the right; she can handle items frequently with the left hand, and can handle items frequently with the right hand; frequently finger with the left hand, and frequently finger with the right hand; frequently feel on the left and frequently feel on the right.
>
> Postural limitations: occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop; occasionally kneel; occasionally crouch; occasionally crawl.
>
> Environmental limitations: can never work at unprotected heights; can work moving mechanical parts occasionally, can operate a motor vehicle occasionally; in extreme cold occasionally; in extreme heat occasionally; in vibration occasionally.

> Mental Limitations: She is able to understand, remember, and carry out detailed but not complex tasks.

AR 34-35.

At step four, the ALJ determined Plaintiff is capable of performing past relevant work as a case aid and receptionist as this work does not require performance of work related activities precluded by Plaintiff's RFC. AR at 45. The ALJ also found there are other representative occupations Plaintiff could perform that exist in the national economy including appointment clerk, invoice control clerk, payroll clerk, marker, produce weigher, and routing clerk. AR 46. The ALJ then concluded Plaintiff is not disabled as defined by the Social Security Act from the onset date of March 29, 2019 through the date of the ALJ's decision. AR 47.

## IV. ISSUES PRESENTED

Plaintiff's Motion for Remand presents two issues for the Court to consider. First, Plaintiff contends the ALJ's RFC determination is legally erroneous and unsupported by substantial evidence because the RFC does not take into account restrictions allegedly required by Dr. Lagstein. ECF No. 19 at 9-11. Plaintiff contends the restrictions Dr. Lagstein recommended were not "even considered" by the ALJ. *Id*. at 11. Plaintiff says this was harmful error because Dr. Lagstein's restrictions eliminate Plaintiff's ability to perform past relevant work as well as other jobs in the national economy identified by the Vocational Expert ("VE"). *Id*.

Second, Plaintiff argues that the RFC was erroneous and unsupported by substantial evidence because the ALJ did not properly evaluate the opinion of Mark Short, Ph.D. *Id*. With respect to this alleged failure Plaintiff says the ALJ did not articulate her supportability and consistency analysis when discounting the persuasiveness of Dr. Short's opinions. *Id*. at 12. Plaintiff submits this is not harmless and then discusses Dr. Short's findings in comparison to the VE's testimony with which Plaintiff takes issue. *Id*. at 13.

## V. DISCUSSION

a. <u>The Standard Applicable to the Issues Presented</u>.

The reviewing court will affirm the ALJ's decision if the decision is based on correct legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g);

4

*Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, -- U.S. --, 139 S.Ct. 1148, 1154 (2019)). In reviewing the ALJ's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Under the substantial evidence standard, courts look to the existing administrative record and ask "whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek*, 139 S.Ct. at 1154 (cleaned up) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197 (1938)). "The most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency."  20 C.F.R. § 404.1520c(a). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant ... objective medical evidence." 20 C.F.R. § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent ... with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2).

        b.       <u>The ALJ's RFC is Neither Legally Erroneous nor Unsupported by Substantial Evidence</u>.

                *i.*      *Dr. Lagstein's Opinion*.

The ALJ's opinion belies Plaintiff's argument that Dr. Lagstein's recommendations were not "even considered" when formulating the RFC. AR 40, 43-44 (discussing Dr. Lagstein's findings and comparing the same to the record). The Disability Evaluation performed by Dr. Lagstein is in the record at AR 1066-1072. Dr. Lagstein found Plaintiff's neurological examination was "unremarkable without definite deficits"; Plaintiff had "minimal residual weakness of her left facial nerve"; "Romberg's sign was negative"; and Plaintiff had "[n]ormal mental status, normal cognition, [she was a]lert and oriented to time, person, and place." AR 1068. Plaintiff was found to have normal range of motion for "large and weightbearing joints"; "[n]o evidence of joint swelling, redness, or tenderness"; "[n]o muscle atrophy, deformations, fasciculations, or spasms"; and normal "range of motion of lumbosacral, thoracic, and cervical spine." *Id*. Dr. Lagstein checked boxes on the Consultative Examination Medical Source Statement indicating Plaintiff could stand or walk at least two hours and sit six or more hours in an eight hour work day, found Plaintiff could "frequent[ly]" balance, and determined standard breaks would be sufficient to allow Plaintiff to alternately stand and sit. AR 1071. Dr. Lagstein also found Plaintiff had no hearing or seeing limitations, but "mild expressive aphasia" leading to no environmental restrictions with the exception of noise, and possible functional overlay. AR 1072. Plaintiff contends Dr. Lagstein "limited [her] speaking to an occasional basis" (ECF No. 14 at 6), but the Court found no such limitation in Dr. Lagstein's report.

The ALJ found Dr. Lagstein's opinions "not persuasive" because there was nothing in the report, arising from his examination of Plaintiff, supporting the recommended standing and walking limitations.[1] The ALJ noted that while Plaintiff arrived at Dr. Lagstein's office with a walker, his examination state she does not need an assistive device for ambulation. AR 1071. The ALJ compared Dr. Lagstein's findings to, among other things, (1) Plaintiff's October 2021 neurologist's

---

[1]     Plaintiff states the ALJ's decision "clearly suggests that … [she] found … [Dr. Lagstein's] opinion to be persuasive." ECF No. 14 at 10 *citing* AR at 43-44. Plaintiff's conclusory statement is belied by the same portion of the decision to which she cites.

6

report rating Plaintiff's muscle strength as 5 out of 5, 4 out of 5 for flexion, and straight leg raise bilaterally negative (AR 1260), (2) a November 22, 2021, Physical Therapy Progress Note in which the therapist commented that Plaintiff did not use arm rests to help herself get out of a chair and "[d]uring testing" Plaintiff took 17 seconds to stand yet when she moved from test to test ("including performing a sit to stand") it took Plaintiff "less than 5 seconds" to stand (AR 1244), and (3) the Las Vegas Neurology Center Progress Note from January 2022, showing a normal physical examination including statements that Plaintiff's "speech is fluent" with "[n]o expressive or receptive aphasia," motor strength was 5 out of 5, sensation intact, and "ambulation normal." AR 1343; *see also* AR 43-44. Throughout these pages of the ALJ's decision she explains why the medical evidence does not support Dr. Lagstein's limitations. AR 43-44. In sum, the ALJ clearly explained why Dr. Lagstein's opinion was not persuasive by comparing those opinions to "relevant ... objective medical evidence." 20 C.F.R. § 404.1520c(c)(1). The ALJ also discusses the evidence from other medical sources including findings of the state agency medical consultants Drs. Kaur and Addonizio. AR 44. The Court finds the ALJ's failure to use the words consistency and supportability do not render her review of Dr. Lagstein's evaluation either legally erroneous or unsupported by substantial evidence. *Kessler v. O'Malley*, Case No. 2:23-cv-01416 AC, 2024 WL 1908078, at * 7 (E.D. Cal. May 1, 2024); *Cratty Kessler v. O'Malley*, Case No. CV 22-142-BLG-TJC, 2024 WL 1156492, at *5 (D. Mont. Mar. 18, 2024). The ALJ's failure to include Dr. Lagstein's findings in the RFC was not harmful error because (1) the ALJ's decision to discount this doctor's findings is supported by substantial evidence and, (2) an unpersuasive medical opinion did not need to be included in the RFC determination. *Valentine v. Commissioner Social Security Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009).

      *ii.*  *Dr. Short's Opinions*.

Plaintiff's arguments regarding Dr. Short suffer from much the same problems as her arguments regarding Dr. Lagstein. First, the Court notes the ALJ discussed Dr. Short's report at length. AR 37-39. Second, the ALJ was concerned with Dr. Short's report saying on the one hand Plaintiff "probably attempted to achieve the highest score possible during the mental status examination" and on the other hand stating Plaintiff was "overly theatrical or dramatic" when

7

presenting her symptoms. AR 38 *citing* AR 1062. Overall, Dr. Short opined Plaintiff would have significant difficulty responding to work pressure without conflict, distress, confusion, or distraction, and that she would have significant difficulty interacting with supervisors, peers, and the public. AR 39 *citing* AR 1063. However, the ALJ found Dr. Short's opinions "not persuasive" based on Plaintiff's "exaggerated presentation" that contrasted "significantly" with the doctor's observation. AR 39. The ALJ found Dr. Short's admissions that Plaintiff's overly theatrical and dramatic presentation of symptoms, as well as incorrect responses to simple questions that may have been on "purpose," undermined his opinions. AR at 38.

Dr. Short cited statements from the Las Vegas Neurology Center Progress Note dated January 2021 finding a "very reliable historian," but concluded in his April 2021 assessment that Plaintiff could not remember her work history. AR 1062. Adding to this contradiction, Dr. Short found Plaintiff "could mostly only remember the negative things that happened to her in her life, which allowed her to dilate on what was relevant to obtaining disability, while endorsing profound memory deficits in other areas of recall, and this *did appear to possibly be selective*." *Id*. (emphasis added).

The ALJ questioned Dr. Short's mental status examination finding that Plaintiff's "immediate recall [and] delayed recall … were poor." AR 39. The ALJ contrasted Dr. Short's findings with Plaintiff's medical records showing her "mentation is intact …." *Id.* Overall, the ALJ found Plaintiff's "treatment records (as opposed to her disability examinations) … noted [Plaintiff] to be a good historian and she is never observed to be responding to external or internal stimuli (*see, e.g.*, Exhibit 16F [AR 795-855], Exhibit 24F [AR 1083-1114], Exhibit 27F [AR 1128-1153], Exhibit 29F [AR1168-1198], Exhibit 32F [AR 1228-1240], Exhibit 33F [AR 1241-1339])." *Id.* The ALJ reviewed records showing Plaintiff's "gait was stable (Exhibit 27F/22 [AR 1149]), and while Plaintiff was reported to have had "trouble finding words" and claimed she "felt like it was 1974," the ALJ's review of the record showed "this is the only note in her treatment of such severe cognitive symptoms [while t]he remainder of her treatment notes … [showed] no objective indication of worsening cognition." *Id.* at 40 *citing e.g.*, Exhibit 13F—containing Las Vegas Neurology Center Progress Note, Exhibits 16F and 27F—containing Southwest Medical Associates medical records,

8

Exhibit 24F, 29F, and 32F—containing Las Vegas Neurology Center medical records, and Exhibit 33F—containing physical therapy and Southwest Medical records. The ALJ also found Plaintiff's "treatment with her neurologist focuse[d] … on her migraines yet her attention, concentration and mood … [were] intact and her fund of knowledge … [was] noted to be age-appropriate." *Id*. The ALJ cites medical records showing Plaintiff was "alert, oriented, not in any distress, and her speech … [was] fluent." *Id.* at 42 *citing* Exhibit 24F [AR 1083-1114], Exhibit 29F [AR 1168-1198], Exhibit 32F [AR 1228-1240].

The Court must, and did, review the ALJ's decision as a whole "[l]ooking to *all* the pages of the ALJ's decision" when determining whether substantial evidence supports that decision. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis in original). And, as stated above, the absence of the words "supportability" and "consistency" when discussing Dr. Short's opinion does not logically lead to the conclusion that these factors were not discussed. Indeed, the ALJ's opinion demonstrates the opposite as extensive citations to the record are made for this very purpose. Finally, even if the Court disagrees with the ALJ's assessment of Dr. Short's evaluation, so long as the evidence is adequate to support the ALJ's conclusion, which is true here, the Court cannot reverse that conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (the court "must uphold the ALJ's decision where the evidence … [in the record is subject] to more than one rational interpretation"). The Court finds the ALJ properly evaluated the opinion of Mark Short, Ph.D, and the RFC was supported by substantial evidence and, therefore, was not erroneous.

**VI.     Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that judgment is entered in favor of the Commissioner and against Plaintiff.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case and enter judgment accordingly.

DATED this 3rd day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE